# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HORTONWORKS, INC.,** | Case No. 2:18-cv-516 |
| Plaintiff, | |
| v. | Judge Graham |
| **ALEXANDER DAHER,** | Magistrate Judge Deavers |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Alexander Daher's "Motion to Compel Arbitration and Dismiss or Stay Plaintiff's Action." (ECF No. 19). For the reasons that follow, Mr. Daher's motion to compel arbitration is **GRANTED**, and the Court will **STAY** all proceedings pending completion of arbitration.

### I. Background

In the case at issue, Plaintiff Hortonworks, Inc. ("Hortonworks") alleges that Mr. Daher, a former Hortonworks employee, misappropriated and misused Hortonworks' proprietary and trade secret information and breached his employment agreements with the company in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; the Ohio Uniform Trade Secrets Act, Ohio Rev. Code §§ 1333.61–1333.69, Ohio Rev. Code § 2737.01, *et seq.*, and Ohio common law. (Compl. ¶ 1, ECF No. 1 at 1). Mr. Daher asserts that each cause of action alleged in Hortonworks' complaint is covered by the mutual arbitration agreement between the parties, and this Court should compel Hortonworks to submit its claims to arbitration and dismiss this case, or, in the alternative, stay all proceedings pending completion of arbitration. (ECF No. 19 at 141, 144). In its opposition to Mr. Daher's motion (ECF No. 22), Hortonworks does not oppose the existence or validity of the

1

parties' mutual arbitration agreement or whether the agreement extends to its claims. Instead, Hortonworks seeks a preliminary injunction against Mr. Daher prior to the Court's determination as to whether to compel arbitration, and should the Court compel arbitration, requests that the matter be stayed rather than dismissed. (*Id.* at 161).

II. **Analysis**

A. **Hortonworks' Preliminary Injunction Motion**

As an initial matter, Hortonworks first urges the Court to address its Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery ("Preliminary Injunction Motion"). (ECF No. 3). The Court declines to do so, because there is no Preliminary Injunction Motion currently pending before it. Two months prior to the filing of Hortonworks' opposition to Mr. Daher's motion, the Court issued a Standstill Order (ECF No. 10) to prevent the loss or destruction of evidence relating to Mr. Daher's alleged acts of misappropriation and misuse of Hortonworks' proprietary and trade secret information. Concurrently with the issuance of the Standstill Order, the Court issued another order terminating the Preliminary Injunction Motion as moot, without prejudice to renewal. (ECF No. 11). Hortonworks has not moved to renew its motion, and as such, there is nothing for this Court to address prior to its consideration of Mr. Daher's motion to compel arbitration.

The Court further notes that the parties' mutual arbitration agreement does not contain a carveout for seeking such preliminary relief from a court and instead provides that, "Any arbitration will be administered by JAMS, Inc. ("JAMS") pursuant to its employment arbitration rules & procedures (the "jams rules"). The arbitrator shall have the power to decide any motions brought by any party to the arbitration . . . prior to any arbitration hearing." (Compl., App. B, ECF No. 1 at 26). Rule 24(e) of the JAMS Employment Arbitration Rules and Procedures states that

"[t]he Arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection and conservation of property and disposition of disposable goods." As the parties may request injunctive relief from an arbitrator pursuant to JAMS Rule 24(e) and their agreement contemplates this step, the Court finds arbitration is the appropriate forum for preliminary injunctive relief.

### B. Arbitration

Generally, before compelling an unwilling party to submit its claims to arbitration, "'the court must engage in a limited review to determine whether the dispute is arbitrable.'" *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003)). This review includes a determination of (1) the existence of a valid arbitration agreement between the parties and (2) whether "the specific dispute falls within the substantive scope of the agreement." *Id.* (quoting *Javitch,* 315 F.3d at 624). It is the opposing party's burden to show a genuine issue of material fact as to the validity of the agreement. *Great Earth Companies, Inc. v. Simons,* 288 F.3d 878, 889 (6th Cir. 2002).

Here, Hortonworks provides no opposition. As to scope, "'an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)). Hortonworks makes no argument against its claims falling within the substantive scope of the parties' agreement, and a reading of the broad agreement informs the Court as to why.

> The parties' mutual arbitration agreement provides as follows:
>
> In consideration of your employment with Hortonworks, its promise to arbitrate all employment related disputes, and your receipt of the compensation, pay raises, and other benefits paid to you by Hortonworks, at present and in the future, you agree

3

> that any and all controversies, claims, or disputes with anyone (including Hortonworks and any employee, officer, director, or benefit plan of Hortonworks), arising out of, relating to, or resulting from your employment with us or the termination of your employment with us, including any breach of this agreement, shall be subject to binding arbitration under the arbitration rules set forth in California code of civil procedure section 1280 through 1294.2, including section 1281.8 (the "Act"), and pursuant to California law. The Federal Arbitration Act shall continue to apply with full force and effect notwithstanding the application of procedural rules set forth in the Act. Disputes that you and we agree to arbitrate, and thereby agree to waive any right to a trial by jury, include any statutory claims under local, state, or federal law, including, but not limited to, claims under title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the Sarbanes-Oxley Act, the Worker Adjustment and Retraining Notification Act, the California Fair Employment and Housing Act, the Family and Medical Leave Act, the California Family Rights Act, the California Labor Code, claims of harassment, discrimination, and wrongful termination, and any statutory or common law claims; provided, however, that any claims that may not be arbitrated under applicable law are not subject to this Mutual Arbitration Agreement. You expressly understand that this agreement to arbitrate also applies to any disputes that Hortonworks may have with you.

(Compl., App. B, ECF No. 1 at 26).

The parties' mutual arbitration agreement applies to the entirety of Mr. Daher's employment relationship with Hortonworks and any claims associated therewith. By entering into the agreement, the parties agreed to waive any right to a trial by jury regarding statutory claims under state or federal law. (*Id.*). In the case at bar, Hortonworks asserts statutory claims against Mr. Daher under federal and Ohio law. Moreover, the arbitration agreement specifically spells out that it "applies to any disputes that Hortonworks may have with you."

Here, neither the arbitration agreement itself nor the unwilling party, Hortonworks, provides any doubt as to whether the dispute is arbitrable. As the mutual arbitration agreement is valid and the parties' specific dispute falls within the substantive scope of the agreement, the Court finds it is the appropriate vehicle by which the parties should resolve their dispute and compels this action to arbitration.

### C. Stay or Dismissal of the Case

As an additional consideration, the Court must determine whether it is appropriate to stay the matter pending completion of arbitration or dismiss the case in its entirety. Hortonworks argues, without further explanation, that the Court should retain jurisdiction in this matter to "determine whether a permanent injunction should issue following completion of arbitration." (ECF No. 22 at 163). The Federal Arbitration Act ("FAA") provides that when a court finds any issue referable to arbitration, "the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Consistent with this congressional mandate, the Court shall stay this case and retain jurisdiction for the purpose of reviewing any post-arbitration motions.

### III. Conclusion

The Court finds arbitration to be the appropriate forum for both preliminary injunctive relief and Hortonworks' claims against Mr. Daher. Accordingly, the Court **GRANTS** Mr. Daher's motion to compel arbitration (ECF No. 19) and **STAYS** all proceedings pending completion of arbitration. Within 30 days of the arbitrator's decision, the parties must submit to the Court a joint status report detailing the status of this case.

In light of the Court's decision concerning preliminary injunctive relief, Hortonworks' motion captioned, "Plaintiff Hortonworks, Inc.'s Motion for Leave to Submit Surreply to Defendant Alexander Daher's Reply in Support of Motion to Compel Arbitration and Dismiss or Stay Plaintiff's Action, or, In the Alternative, to Treat Defendant's Reply as an Opposition to Plaintiff's Motion for Preliminary Injunction and Deem that Attached Surreply as Plaintiff's Reply Thereton and Certificate of Service" (ECF No. 24) is hereby **DENIED** as moot.

**IT IS SO ORDERED**.

                                                    /s/ James L. Graham
                                                    JAMES L. GRAHAM
                                                    United States District Judge

DATE: February 26, 2019